IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY TOPLISEK,<br><br>        Plaintiff,<br><br>v.<br><br>CANON MCMILLAN SCHOOL DISTRICT<br>and DR. NICK BAYAT, in his<br>individual and official<br>capacity as Superintendent of the<br>Canon McMillan School District;<br>and<br>LINDA NICHOLS, in her individual and<br>official capacity as former principal<br>of Canon McMillan High School;<br>and<br>MICHELE MOELLER, in her individual<br>and official capacity as softball<br>coach of Canon McMillan High School<br>Varsity Team;<br>and<br>STEPHAN MOSKAL, in<br>his individual and official capacity<br>as head softball coach of Canon<br>McMillan High School Varsity Team;<br>and<br>DAVID HELSINKI, in his individual and<br>official capacity as current principal<br>of Canon McMillan High School,<br><br>        Defendants. | Civil Action No. 10-767 |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                                October 18, 2010

       This is an action in civil rights. Plaintiff, Brittany Toplisek, alleges that defendants retaliated against her for filing complaints against them. Plaintiff further contends that this retaliation violated her First Amendment rights pursuant to Section

1983 of the Civil Rights Act ("Section 1983"). See 42 U.S.C. § 1983. Plaintiff seeks monetary relief, including punitive damages, attorney's fees and costs, pre and post judgment interest, delay damages, and damages for emotional distress. She also seeks reformation of her school records and letters of good reference.

Defendants are Canon McMillan School District ("Canon-McMillan"); Dr. Nick Bayat, Superintendent of Canon-McMillan; Linda Nichols, former principal of Canon McMillan High School; Michele Moeller, softball coach of Canon McMillan High School Varsity Team; Steven Moskal, head softball coach of Canon McMillan High School Varsity Team; and David Helsinki, current principal of Canon McMillan High School. Plaintiff asserts claims against the individual defendants in their individual and official capacities.[1]

Before the court are defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [doc. nos. 9, 11]. For the reasons that follow, defendants' motions will be granted in part and denied in part.

---

[1] In a related cause of action brought by plaintiff alleging violations of Section 1983 and other federal violations for failing to adequately investigate, supervise, and train employees, and for failing to effectuate and follow policies and procedures, this court granted defendants' motion for summary judgment. See Maier v. Canon McMillan School District, No. 08-154, 2009 WL 2591098, at * 1 (W.D. Pa. Aug, 20, 2009). This case is now pending appeal in the Court of Appeals for the Third Circuit.

I.      BACKGROUND

We accept the following relevant material facts set forth in the complaint as true solely for the purpose of rendering an opinion on the motions to dismiss.

At all relevant times, plaintiff, Brittany Toplisek, was a student attending Canon McMillan High School and a member of the school's softball team. On February 13, 2006, plaintiff's parents met with Ms. Nichols, the principal of Canon McMillan High School at the time, and Ms. Moeller, the softball coach of the varsity team. They discussed the parents' concerns about an inappropriate relationship between plaintiff and Justin Bedillion, the volunteer softball coach.[2]

---

2 Starting in 2005 and continuing into 2006, plaintiff was subjected to a series of sexual advances by a volunteer softball coach, Justin Bedillion, occurring both in the school building where plaintiff attended classes and during or following school functions outside of the school building. A series of acts of sexual intercourse between plaintiff and Bedillion took place until approximately August 2006. Bedillion was arrested and charged with committing sexual offenses against plaintiff and another student at Canon McMillan High School on or about December 2006. Bedillion was subsequently convicted of sexual offenses against plaintiff in the Court of Common Pleas of Washington County. See Maier v. Canon McMillan School District, No. 08-154, 2009 WL 2591098 (W.D. Pa. Aug. 20, 2009).

On or about February 4, 2008, plaintiff filed a lawsuit in federal court against Canon-McMillan and several of its agents and employees, including defendants Dr. Nick Bayat, Linda Nichols, and Michele Moller. Plaintiff alleges that, after she filed the complaint, defendants, its agents and/or employees, and other students, made inappropriate comments directly to her. Plaintiff reported the comments to all defendants; however, defendants did not discipline those offending individuals, contrary to school policy. Plaintiff also complained to all defendants that she was treated differently than other members of her school softball team.

According to the complaint, defendants excluded plaintiff from participating on the school's softball team and refused to provide her with training available to other team members because her actions had created a "hostile situation". [doc. no. 1, ¶27]. Plaintiff alleges that defendants' actions deprived her of potential collegiate athletic scholarships.

In addition, plaintiff contends that she was disciplined more severely than other students. Specifically, plaintiff alleges that she was suspended from school for fighting with another softball player, while the other player was not suspended.

Plaintiff filed this lawsuit on June 5, 2010, alleging one count: a First Amendment retaliation claim pursuant to Section 1983. In her complaint, plaintiff alleges that she engaged in constitutionally protected activity; that Canon-McMillan and the

individual defendants responded with retaliation; and that the protected activity caused the retaliation.

Defendants, Canon-McMillan, Dr. Nick Bayat, Linda Nichols, Michele Moeller, Stephen Moskal and David Helsinki, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking to dismiss the individual defendants in their official capacity as well as all punitive damages claims against all defendants, in their individual and official capacities. Simultaneously, defendant David Helsinki filed a separate 12(b)(6) motion to dismiss, contending that he should be dismissed in his individual capacity because plaintiff failed to state a claim against him. On August 9, 2010, all the defendants joined defendant Helsinki's 12(b)(6) motion to dismiss. [doc. no. 13].[3]

II. <u>STANDARD OF REVIEW</u>

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, we must be mindful that federal courts require notice pleading, as opposed to the

---

3 Pursuant to defendants' Canon McMillan School District ("Canon-McMillan"), Dr. Bayat, Ms. Nichols, Ms. Moeller, and Mr. Moskal joinder [doc. no. 13] with Mr. Helsinki's motion to dismiss and for purposes of this opinion, this court has construed all defendants to have joined every argument in both motions to dismiss, including all arguments outlined in defendant Helsinki's motion and brief.

5

heightened standard of fact pleading. Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Even under this lower notice pleading standard, plaintiff must do more than recite the elements of a cause of action and then make a blanket assertion of an entitlement to relief. Instead, plaintiff must make a factual showing of entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 550 U.S. at 556. In light of the United States Supreme Court's decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Court of Appeals for the Third Circuit set forth a two-prong test to be applied by district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

6

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

III.     DISCUSSION

Defendants argue the plaintiff's claims against them should be dismissed for three reasons: 1) failure to state a claim for retaliation upon which relief can be granted; [doc. no. 12]; 2) individual defendants should be dismissed in their individual capacities and in their official capacities as a redundant party to the municipal defendant; [doc. nos. 9, 12]; and 3) punitive damages are not available against Canon-McMillan or any defendants named in their individual or official capacities in a case brought pursuant to Section 1983. [doc. no. 9]. In addition, defendants assert that plaintiff is not entitled to punitive damages from defendants in their individual capacities because plaintiff has not made plausible allegations to prove that defendants had an "evil motive or intent".

Plaintiff responds by arguing that: 1) her complaint should not be dismissed for failure to state a claim for retaliation because she has pled all requisite facts to support her claim, defendants were on notice of her claim, and defendants had reasonable information to determine the nature of her claim; 2) the claim against individual defendants in their individual and official capacities is valid and not redundant; and 3) plaintiff is

7

entitled to punitive damages from all parties if she prevails in her federal civil rights claims.

### A. First Amendment retaliation claim

"Section 1983 creates a cause of action against anyone who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute." Smith v. Sch. Dist. of Phila., 112 F. Supp. 2d 417, 430 (E.D. Pa. 2000). To prevail on a Section 1983 claim of retaliation for filing complaints, plaintiff must show that "1) [she] engaged in a protected activity; 2) the defendant[s] took adverse action sufficient to deter a person of ordinary firmness from exercising [her] rights; and 3) a causal connection existed between the protected activity and the adverse action." Schlegel v. Koteski, 307 Fed. Appx. 657, 661 (3d Cir. 2009) (citing Lauren W. v. Deflaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

Plaintiff may prove causation in several ways. A display of "unusually suggestive" temporal proximity between the protected activity and the adverse action can be sufficient. Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 369 (3d Cir. 2008). Without temporal proximity, a plaintiff also can prove causation "by coming forward with evidence of a pattern of antagonistic conduct against the plaintiff subsequent to [her] protected conduct." Koteski, 307 Fed. Appx. at 662 (citing Woodson v. Scott Paper Co., 109 F.3d 913,

8

920-921 (3d Cir. 1997)). "Lastly, the plaintiff can seek to prove causation by pointing to the record as a whole for evidence that suggests causation." Id. (citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000).

Under our notice pleading standards, we conclude that plaintiff has sufficiently alleged the grounds to entitle her to relief. She alleges that her federal lawsuit was protected activity. She alleges several instances of adverse action, such as refusal to train her, exclusion from the softball team, disparate discipline, and verbal abuse. Finally, she has alleged a sufficient temporal proximity and pattern of antagonistic conduct to overcome dismissal. The factual and legal claims were separated, and she alleged enough facts to raise a reasonable expectation that discovery could reveal evidence of the necessary elements of her Section 1983 claim. Accordingly, defendants' motion to dismiss Count I will be denied without prejudice.

B. Liability of defendants in their individual and official capacities

Plaintiff seeks to hold defendants liable in their individual capacities. Defendants contend that there are no allegations of personal involvement against them; therefore, the claims against them in their individual capacities should be dismissed.

In a suit against state officials in their individual or personal capacity, where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest. Therefore, the suit is not barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 165-168 (1985).

The Court of Appeals for the Third Circuit, however, has held that there are two theories of liability under which a plaintiff can sue a municipal official in an individual capacity action. A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants can be sued as policy-makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" Id. The second theory provides for individual and personal liability if plaintiffs can show that a supervisor "participated in violating their rights, or that he directed others to violate them, or that he ... had knowledge of and acquiesced in his subordinates' violations." Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995) (citing Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990)).[4]

---

4 Note, there is no liability for individual capacity actions based only on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

In Stoneking v. Bradford Area School District, the United States Court of Appeals for the Third Circuit specifically stated that supervisory liability could be found only where the official had both "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents" and where there were "circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." 882 F.2d 720, 732 (1989) (citing Chinchello v. Fenton, 805 F.2d 126 (3d Cir. 1986)).

Plaintiff claims that defendants unconstitutionally retaliated against her by: 1) refusing to provide her training that was available to other softball team members because her actions had created a "hostile situation"; 2) making inappropriate comments directly to her along with other school officials, staff and students; 3) subjecting her to hostile treatment after she filed her lawsuit in February 2008 and after she made complaints about the actions of Mr. Bedillion; and 4) suspending her from school for fighting with another softball player, while the other player was not suspended.

Moreover, plaintiff alleges that she informed defendants of the inappropriate comments, and defendants did not discipline the offending individuals. Such actions continued even after Mr. Helsinki became principal in June 2006; and he, like the other defendants, had actual knowledge of these inappropriate activities.

11

Such allegations are sufficient to state a claim against the individual defendants in their individual capacities. See Rohrbaugh v. York County Prison, 2005 WL 1154346, at * 3 (M.D. Pa. May 10, 2005). Accordingly, defendants' motion will be denied without prejudice.

Next, plaintiff seeks to hold individual defendants liable in their official capacities. There is no dispute that the Eleventh Amendment bars federal suits that seek damages against state officials acting in their official capacities.[5] See A.W. v. Jersey City Pub. Schs., 341 F.3d 234, 238 (3d Cir. 2003). Superintendents, teachers and employees of a high school and a school district, acting in their official capacities, are state officials. See Sch. Dist. of Phila., 112 F.Supp.2d at 425; Rohrbaugh, No. 05-136, 2005 WL 1154346, at * 2. Therefore, to the extent that plaintiff seeks monetary damages from Dr. Bayat, Ms. Nichols, Ms. Moeller, Mr. Moskal and Mr. Helsinki in their official capacities, the claims will be dismissed with prejudice.

---

[5] Plaintiff, in its response, cites Brandon v. Holt, 469 U.S. 464(1985) to support its contention that suing a municipality and an employee of the municipality is not redundant. However, citing this case was misplaced. In Holt, the argument hinged upon whether you could implicate a municipality despite the fact that the employee in his official capacity, and not the municipality itself, was listed as a defendant. This case is not analogous and does not support Plaintiff's contention.

12

C. Punitive damages

With respect to plaintiff's claim for punitive damages, defendants make three arguments. First, defendants assert that plaintiff cannot recover against defendant Canon-McMillan because municipal defendants are immune from such damages under Section 1983. Second, defendants contend that plaintiff cannot recover punitive damages against the individual defendants in their official capacities. Finally, defendants assert that punitive damages against individual defendants in their individual capacity are improper because plaintiff failed to allege that their actions were motivated by an "evil motive or intent".

The Supreme Court clearly states that punitive damages are not recoverable against municipalities. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Smith v. Central Dauphin Sch. Dist., 419 F. Supp. 2d 639, 648 (M.D. Pa. 2005). School districts are included within the definition of municipalities. Thus, the court will grant defendants' motion to dismiss on this issue with prejudice.

Next, as previously noted, the Eleventh Amendment bars federal suits that seek damages against state officials acting in their official capacities. See Jersey City Pub. Schs., 341 F.3d at 238. Because we have granted defendants' motion to dismiss in their official capacity, the court will also grant individual

defendants' motion to dismiss on the prayer for punitive damages against defendants in their official capacities with prejudice.

As for the defendants in their individual capacities, the individual defendants assert that punitive damages against them are improper because plaintiff failed to allege that their actions were motivated by an "evil motive or intent". [doc. no. 9]. Punitive damages may be awarded against individual defendants in a Section 1983 action only where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Central Dauphin Sch. Dist., 419 F.Supp.2d at 649 (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).

Plaintiff contends that defendants had actual knowledge of the violation of her First Amendment rights because she told defendants about the school officials' disparate treatment towards her. After she complained to defendants, her legal counsel again informed defendants of the disparate treatment she was receiving. Despite this notice and contrary to school policy, plaintiff alleges that defendants did not discipline the offending individuals.

Moreover, after plaintiff filed a complaint in federal court, defendants treated her in a hostile manner. Specifically, defendants deprived plaintiff of a position on the school softball team. Also, after plaintiff got into a fight with another softball

14

player at Canon-McMillan, the school only suspended plaintiff. These allegations, while not specifically using the words "evil intent" or "reckless or callous indifference", nonetheless assert that defendants intentionally disregarded plaintiff's federally protected rights. Plaintiff has sufficiently pled facts to survive defendants' motion to dismiss in this regard. Thus, defendants' motion to dismiss with respect to plaintiff's claim for punitive damages against the defendants in their individual capacities will be denied without prejudice.

IV.   CONCLUSION

For the foregoing reasons, we hold that defendants' motions to dismiss plaintiff's retaliation claim will be GRANTED in part and DENIED in part.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRITTANY TOPLISEK,<br><br>            Plaintiff,<br><br>v.<br><br>CANON MCMILLAN SCHOOL DISTRICT<br>and DR. NICK BAYAT, in his<br>individual and official<br>capacity as Superintendant of the<br>Canon McMillan School District;<br>and<br>LINDA NICHOLS, in her individual and<br>official capacity as former principal<br>of Canon McMillan High School,<br>and<br>MICHELE MOELLER, in her individual<br>and official capacity as softball<br>coach of Canon McMillan High School<br>varsity team;<br>and<br>STEPHAN MOSKAL, in<br>his individual and official capacity<br>as head softball coach of Canon<br>McMillan High School Varsity Team;<br>and<br>DAVID HELSINKI, in his individual and<br>official capacity as current principal<br>of Canon McMillan High School,<br><br>            Defendants. | Civil Action No. 10-767 |

ORDER

AND NOW this 18th day of October, 2010, upon consideration of the motions to dismiss [doc. nos. 9, 11] filed by defendants Canon McMillan School District, Dr. Nick Bayat,

Linda Nichols, Michele Moeller, Stephan Moskal, and David Helsinki, and the plaintiff's response thereto [doc nos. 15, 16], for the reasons stated in the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) Defendants' motion to dismiss plaintiff's claims against the individual defendants in their official capacities is GRANTED with prejudice; and

2) Defendants' motion to dismiss plaintiff's claim for punitive damages against the school district and the individual defendants in their official capacities is GRANTED with prejudice.

3) Defendants' motion to dismiss plaintiff's Section 1983 claim is DENIED without prejudice;

4) Defendants' motion to dismiss plaintiff's claims against the individual defendants in their individual capacities is DENIED without prejudice; and

5) Defendants' motion to dismiss plaintiff's claim for punitive damages against the individual defendants in their individual capacities is DENIED without prejudice.

BY THE COURT:

_____, C.J.

cc: All counsel of record